# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1599

———————————————

Ingrid Domingo-Aguilar

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: April 18, 2025
Filed: August 4, 2025
[Unpublished]

———————

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

———————

PER CURIAM.

Ingrid Domingo-Aguilar, a citizen of Guatemala, entered the United States unlawfully as an unaccompanied minor in 2016. She was encountered near the border, served an incomplete notice to appear, and placed in removal proceedings. In 2019, after conceding removability, Domingo-Aguilar sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

An immigration judge ("IJ") denied her requests. In February 2022, she asked the Board of Immigration Appeals ("BIA") to reopen the proceedings so she could seek voluntary departure relief. The BIA denied her motion as untimely. Domingo-Aguilar sought reconsideration, but the BIA denied that request too. Domingo-Aguilar now petitions for review of the BIA's latest decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(2), and we deny the petition.

In her original removal proceeding, Domingo-Aguilar sought asylum, withholding of removal, and relief under the CAT, but she did not seek permission to depart voluntarily. An IJ concluded Domingo-Aguilar was not entitled to her requested relief and ordered her removed from the United States. The BIA denied her appeal on July 1, 2020, which this Court affirmed in Domingo-Aguilar v. Garland, 840 Fed. App'x. 892, 893 (8th Cir. March 25, 2021) (per curiam).

On February 4, 2022, Domingo-Aguilar filed a motion to reopen proceedings with the BIA. She contended the BIA's decision in Matter of M-F-O-, 28 I. & N. Dec. 408 (BIA 2021) enabled her to seek voluntary departure because the notice to appear that she received was inadequate. An alien seeking voluntary departure must, among other things, have "been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served." 8 U.S.C. § 1229c(b)(1)(A). In Matter of M-F-O-, the BIA held that the notice to appear had to be in "a single document containing … the time and place of the initial hearing" to cut off the accrual of "physical presence" time. 28 I. & N. Dec. at 416 (citing Niz-Chavez v. Garland, 593 U.S. 155, 161 (2021)).

Notwithstanding Matter of M-F-O-, the BIA denied Domingo-Aguilar's motion to reopen as untimely because it was not brought within 90 days of "the date of entry of a final administrative order of removal." See 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA also declined to exercise its authority to reopen the proceedings *sua sponte*. If the BIA had considered Domingo-Aguilar's request for voluntary departure on the merits, she would have been required to produce evidence of her means and intent to depart the United States, as well as her good character.

See 8 U.S.C. § 1229c(b)(1)(B), (D). But she submitted no evidence satisfying those requirements. As a result, the BIA concluded that even if Domingo-Aguilar had accrued one year of continuous physical presence under § 1229c(b)(1)(A), she could not meet the other requirements of § 1229c(b)(1).

On February 20, 2024, the BIA declined to reconsider its decision, acknowledging Matter of M-F-O- had been issued after her removal hearing but concluding she had failed to preserve a request for voluntary departure. According to the BIA, Domingo-Aguilar's defective notice argument relied only on the plain language of § 1229(a)(1), so she could have preserved her argument by raising it before the IJ.

Domingo-Aguilar now contends the BIA erred when it applied § 1229a(c)(7)(C)(i) and refused to revise its conclusion that her motion to reopen was untimely. We review the BIA's decision for abuse of discretion. Arroyo-Sosa v. Garland, 74 F.4th 533, 540 (8th Cir. 2023).

Motions to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Domingo-Aguilar's order of removal became administratively final no later than July 1, 2020, when the BIA affirmed the IJ's decision. Riley v. Bondi, 145 S. Ct. 2190, 2198 (2025) (citing 8 U.S.C. § 1101(a)(47)(B)). Domingo-Aguilar moved for reopening on February 4, 2022, which was well beyond the 90-day deadline. She, however, contends that an exception renders her motion timely, citing 8 C.F.R. § 1003.2(c)(3)(v). But she never presented this argument to the BIA. See Kanagu v. Holder, 781 F.3d 912, 917 (8th Cir. 2015) ("[W]e lack jurisdiction to consider arguments not clearly made before the [BIA]."); see also Sec. & Exch. Comm'n v. Chenery Corp., 67 S. Ct. 1575, 1577 (1947) (observing a court is "powerless to affirm [an] administrative action by substituting what it considers to be a more adequate or proper basis" for the action). Moreover, in 2021, a court stayed the regulation that Domingo-Aguilar invokes. See Bent v. Garland, 115 F.4th 934, 942 n.3 (9th Cir. 2024) (discussing the stay and its nationwide scope). The regulation was later replaced by a rule omitting

the provision she invokes. <u>See</u> Efficient Case and Docket Management in Immigration Proceedings, 89 Fed. Reg. 46742 <u>et seq.</u> (May 29, 2024) (effective on July 29, 2024). Because Domingo-Aguilar did not present her § 1003.2(c)(3)(v) argument to the BIA, the BIA did not abuse its discretion when it concluded no exception suspended the 90-day limit.

For the foregoing reasons, we deny the petition for review.

_____