**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSVALDO PRADO CANELA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1091

Agency No.
A073-806-197

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Petitioner Osvaldo Prado Canela, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) order denying his motion

to reopen. We deny the petition.

We review the BIA's denial of a motion to reopen, including its decision not

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

to equitably toll the 90-day deadline for filing such a motion, for abuse of discretion. *See Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011).[1] "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024) (quoting *Holland v. Florida*, 560 U.S. 631, 634 (2010)).

A petitioner who moves to reopen based on a vacated criminal conviction does not establish diligence when there is a substantial, unexplained delay between the conviction and his pursuit of postconviction relief. *See, e.g.*, *Perez-Camacho v. Garland*, 54 F.4th 597, 605–07 (9th Cir. 2022); *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022). Prado Canela does not explain why he waited nearly six years after the government initiated removal proceedings to seek postconviction relief. Nor does he explain why he waited four more years after he was ordered removed to attempt to vacate his drug-paraphernalia conviction, and another two years to vacate his controlled-substances conviction. Even if Prado Canela could not vacate his convictions before California Penal Code section 1473.7 took effect in 2017—though he does not argue as much—he waited

---

[1]Because Prado Canela's petition fails on the merits, we assume without deciding that he did not waive his challenge to the BIA's denial of equitable tolling.

over three years from that event to file his first vacatur motion, and five years to file his second. Under these circumstances, the BIA did not abuse its discretion in concluding that Prado Canela did not exercise "all due diligence" to pursue his rights. *Perez-Camacho*, 54 F.4th at 606 (quoting *Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011)).[2]

**PETITION DENIED.**

---

[2]Because the BIA's timeliness holding is dispositive, we do not address Prado Canela's argument that his sentence vacaturs were substantive rather than rehabilitative. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 n.2 (9th Cir. 2019).