NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RRAFMAN KOCI, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-6171 Agency No. A075-682-288 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Petitioner Rrafman Koci seeks review of the Board of Immigration Appeals'

("BIA") dismissal of his motion to reopen. This is Petitioner's fifth motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

reopen, filed more than 20 years after his final administrative order of removal was issued. We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition.

1. The BIA did not abuse its discretion in denying equitable tolling of Petitioner's motion to reopen. Petitioner failed to establish "that he has been pursuing his rights diligently," or "that some extraordinary circumstance stood in his way and prevented timely filing." *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024). First, the alleged breach of Petitioner's confidentiality occurred in 2001, yet he did not reference this evidence in any of the motions to reopen he filed between 2004 and 2024. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (explaining that for the BIA to grant a motion to reopen based on changed country conditions, the petitioner must produce evidence that was not previously available).

Moreover, Petitioner incorrectly asserts that *L-T-M v. Whitaker*, 760 F. App'x 498, 500 (9th Cir. 2019), constituted a fundamental change in asylum law. In fact, Petitioner cites a decision from this Court that predates at least two of his motions to reopen where we remanded the case after finding the government breached the petitioner's confidentiality. *Owino v. Holder*, 771 F.3d 527, 533–35 (9th Cir. 2014). Thus, Petitioner "has alleged no facts—before the I[mmigration] J[udge], the BIA, or on appeal before us—suggesting a diligent pursuit of [his] rights in the intervening years between [his] removal and [*Owino*]; nor has [he]

2                                                    24-6171

shown that some extraordinary circumstance stood in his way and prevented timely filing of [his] motion." *See Lona v. Barr*, 958 F.3d 1225, 1224 (9th Cir. 2020) (internal quotation marks and citation omitted).[1]

2. We do not have jurisdiction to review the BIA's exercise of its discretion against *sua sponte* reopening of Petitioner's removal proceedings because he has failed to allege any colorable legal or constitutional issues in the BIA's decision-making. *Lona*, 958 F.3d at 1229.

**PETITION DENIED.**[2]

---

[1] In accordance with our determination that Petitioner's claim is time-barred, we decline to address the merits of his asylum claim.

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 27) is otherwise denied.