NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIO CESAR SAMAYOA IVARRA, et al.,<br><br>               Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>               Respondent. | No. 25-2466<br><br>Agency Nos.<br>A249-093-198<br>A249-093-199<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2026
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District
Judge.[**]

Julio Cesar Samayoa Ivarra, collectively with his minor son, Marcus, natives

and citizens of El Salvador, petitions for review on two grounds. Samayoa Ivarra

first seeks review of an order of the Board of Immigration Appeals ("BIA") denying

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian Morris, United States Chief District Judge for the District of
Montana, sitting by designation.

1

his motion to reopen and declining to consider his late-filed brief. Samayoa Ivarra also seeks review of the BIA's decision summarily dismissing his appeal of an order from an Immigration Judge ("IJ"), which denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Court does not need to recount the history of the case as the parties are familiar with the factual and procedural background.

1.    Samayoa Ivarra's challenges to the BIA's February 6, 2025, summary dismissal of his appeal are not subject to judicial review by this Court as Samayoa Ivarra never filed a petition for review of that decision. A petitioner must file a petition for review within 30 days of the BIA's decision. *See* 8 U.S.C. § 1252(b)(1); *see Alonso-Juarez v. Garland*, 80 F.4th 1039, 1046–47 (9th Cir. 2023) (explaining that 8 U.S.C. § 1252(b)(1) is a mandatory rule); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to review issue that petitioner did not raise to the BIA and therefore failed to exhaust). Further, our review is "limited to the actual grounds relied upon by the BIA." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (internal citation omitted). The BIA never affirmed the merits of the IJ's denial of relief and protection in its summary dismissal. We limit our review to the BIA's decision to deny Samayoa Ivarra's motion to reopen.

2

2. The BIA has broad discretion to deny motions to reopen for failure to file briefs. *See* 8 C.F.R. § 1003.3(c)(1); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010); *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). We review for abuse of discretion. *Najmabadi*, 597 F.3d at 990 (citing *Toufighi v. Mukasey,* 538 F.3d 988, 992 (9th Cir. 2008)). The BIA acted within its discretion by denying Samayoa Ivarra's motion to reopen to offer his untimely brief and his motion to consider that late-filed brief. Samayoa Ivarra's argument that the BIA failed to provide sufficient explanation for its denial proves unavailing. The BIA adequately considered the case's procedural history and rejected Samayoa Ivarra's explanation of a fee dispute with his counsel being the reason for his failure to file his brief. *See Najmabadi*, 597 F.3d at 990; *see also Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (explaining that the BIA "need not engage in a lengthy discussion of every contention raised by a petitioner," as "all that is required is that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation modified)).

**PETITION DENIED.**

The motion for a stay of removal (Dkt. 2) is **GRANTED** to be dissolved upon the issuance of the mandate.