# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1735

MAURO ALTAMIRANO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from a Decision of the
Board of Immigration Appeals
Immigration Judge Mirlande Tadal, No. A215-664-351

Before: HARDIMAN, KRAUSE, and MASCOTT , *Circuit Judges*
Submitted March 10, 2026; Decided April 30, 2026

_____

NONPRECEDENTIAL OPINION[*]

KRAUSE, *Circuit Judge*. In 2019, an Immigration Judge (IJ), subsequently affirmed by the Board of Immigration Appeals (BIA), entered a final order of removal for Petitioner Mauro Altamirano, on the grounds that he (1) was present in the United States without having been admitted or paroled, and (2) had been convicted of a crime involving moral turpitude (CIMT)—specifically, aggravated assault in violation of New Jersey law, *see* N.J. Stat. Ann. § 2C:12-1(b)(2)—which rendered him ineligible for cancellation of removal. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I), (6)(A)(i); *id.* § 1229b(b)(1)(C). In January 2025, approximately six months after his CIMT conviction was vacated for ineffective assistance

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

of his criminal defense attorney, Altamirano filed an unsuccessful motion to reopen through new counsel, arguing that the vacatur rendered him no longer removable and newly eligible for cancellation of removal.

Altamirano now petitions this Court, contending that the BIA (1) abused its discretion in denying his motion to reopen as time-barred without addressing his equitable tolling arguments, and (2) violated his due process rights in declining to reopen his proceedings *sua sponte*. Because the first claim is meritless and we lack jurisdiction to review the second, we will deny the petition in part and dismiss the petition in part.

## I.      DISCUSSION[1]

### A.  Equitable Tolling

A noncitizen has 90 days after the entry of his final order of removal to file a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the agency can equitably toll the filing deadline if the noncitizen establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation modified).

Contrary to Altamirano's contention, the BIA did address whether his motion to reopen—filed nearly five years after the agency entered his final order of removal—should

---

[1] The BIA had jurisdiction over Altamirano's motion to reopen under 8 C.F.R. § 1003.2. We have jurisdiction over Altamirano's petition for review under 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen "under a highly deferential abuse of discretion standard" and will not disturb its decision unless it is "arbitrary, irrational, or contrary to law." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011).

2

be equitably tolled.[2]  It concluded such equitable tolling was not warranted, because Altamirano "did not file for post-conviction relief concerning his 2005 conviction until 2024, years after the conviction, and years after the [IJ's] 2019 decision and our 2020 decision." A.R. 4.

Granted, the BIA erred to the extent it suggested that the clock started, for equitable tolling purposes, with Altamirano's 2005 conviction, and it should have assessed tolling from January 2019 through Altamirano's filing of his motion to reopen in January 2025.[3] Nonetheless, Altamirano did not demonstrate the requisite due diligence for equitable tolling.  Even assuming for these purposes that he diligently pursued post-conviction relief through the vacatur of his CIMT conviction in July 2024, he still failed to explain why he took approximately six additional months to file his motion to reopen in January 2025. That delay, in and of itself, well exceeded the statutory 90-day deadline, so the BIA did not

---

[2] Even if Altamirano did not raise his equitable tolling argument in his motion to reopen, where the BIA addresses and rules on an issue *sua sponte*, we should address that issue as well.  *See Lin v. Att'y Gen.*, 543 F.3d 114, 126 (3d Cir. 2008), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023).

[3] A noncitizen's due diligence should be assessed from the point when he should have realized he had a basis on which to bring a motion to reopen, *see Alzaarir*, 639 F.3d at 90, and Altamirano could not have discovered that he received ineffective assistance in his criminal proceedings—and, thus, that he might be eligible for post-conviction relief as a basis to seek reopening—before he was put on notice by the Notice to Appear (NTA) adding his assault conviction as a basis for removal in January 2019.  As the Ninth Circuit observed in such a situation, a petitioner need not toll the time before he is served with an NTA charging him as removable based on a prior conviction, because "unless he was a psychic, [he] simply had no basis to know or suspect that he had any rights to pursue" before that point.  *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024).

abuse its discretion in denying reopening as untimely, and a remand for reconsideration would be futile. *See Ricketts v. Att'y Gen.*, 955 F.3d 348, 351 (3d Cir. 2020) (explaining that even if the agency erred in its reasoning, "we may forgo remanding . . . if [it] would be futile").

**B.  *Sua Sponte* Reopening**

Altamirano also challenges the BIA's determination that his case did "not present any exceptional situation that would warrant . . . sua sponte reopening," under 8 C.F.R. § 1003.2(a).  A.R. 5.  Because the BIA has discretion whether to reopen *sua sponte*, we lack jurisdiction to review that decision unless it relied on an incorrect legal premise or departed from a settled practice.  *See Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651-52 (3d Cir. 2017).

We retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review colorable constitutional claims raised by a petitioner, such as the denial of due process, *see Darby v. Att'y Gen.*, 1 F.4th 151, 165 (3d Cir. 2021), but Altamirano does not clear this bar:  His claim that the BIA erred in failing to recognize that there was a "substantive due process violation which caused the pretermination of [his] application" for cancellation of removal in 2019, Opening Br. 19, does not articulate any colorable constitutional issue.  For that claim to be cognizable, Altamirano had to "first state a liberty or property interest," which he failed to do.  *See Darby*, 1 F.4th at 165; *see also id.* at 165-66 (noting that noncitizens have no "liberty or property interest in discretionary relief," or in "even

4

being *considered* for relief when the statute lack[s] explicit mandatory language that could create in [a noncitizen] any protectible expectation of entitlement to relief" (citation modified)). A motion to reopen does not create such a "protectible expectation of entitlement to relief . . . [m]uch less does a motion to reopen *sua sponte*, which is essentially a request that the BIA . . . exercise its discretionary authority to reopen removal proceedings." *Id.* at 166 (citation modified). We therefore lack jurisdiction over Altamirano's due process claim.

## II. CONCLUSION

For the foregoing reasons, we will dismiss the petition with respect to the motion for *sua sponte* reopening and deny the petition in all other respects.