NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUNO EDUARDO ZAVALA-RESENDIZ,<br><br>Petitioner,<br><br>v.<br><br>JAMES R. MCHENRY III, Acting Attorney General,<br><br>Respondent. | No. 18-70616<br><br>Agency No.<br>A073-384-148<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of the immigration judge's (IJ) denial of his number- and time-barred motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny in part and dismiss in part the petition.[1]

The court reviews the denial of a motion to reopen for an abuse of discretion. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under that standard, the court must affirm the agency's denial of reopening unless the decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). Where, as here, "the BIA issues a *Burbano* affirmance, we review the IJ's decision as if it were the decision of the BIA." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) and referring to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

1. The BIA did not err by declining to reopen based on lack of notice. The statute only requires that an alien receive written notice of his hearing, *see* 8 U.S.C. § 1229(a)(1), and there is no separate requirement to orally notify or explain the alien's obligation to appear. Petitioner does not dispute that he was personally served with written notice of his hearing that also advised him of the statutory obligation to keep the Immigration Court apprised in writing of any address changes. *See id*. § 1229(a)(1)(F)(ii). Nor does he dispute that he failed to inform the Immigration Court in writing of his new address, causing a subsequent notice

---

[1] We also **DENY** Petitioner's opposed motion to remand (Dkt. 11).

2

informing him of the time and date of his hearing to be sent to his last known address. Instead, Petitioner argues that the Immigration Court knew of his correct address based on what was communicated at the time of his release from detention and as reflected on identification documents in the agency's possession. But neither qualifies as sufficient notice of an address change. *See id*. § 1229(a)(1)(F)(i)–(ii). By failing to apprise the Immigration Court in writing of his new mailing address, Petitioner was not entitled to reopening for lack of notice. We deny the petition in this regard.

2. The BIA also did not abuse its discretion by declining to equitably toll the motion to reopen deadline. Depending on the basis for the motion to reopen, a petitioner has either 90 or 180 days from the date of the final removal order to file a motion to reopen. *Id.* § 1229a(c)(7)(C)(i); *id.* § 1229a(b)(5)(C)(i). Petitioner filed his second motion to reopen nearly two decades after the IJ's entry of a final order of removal. When a late motion to reopen is filed, the agency may still equitably toll the statutory deadline if the petitioner satisfies two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024) (citation omitted); *see also Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). Petitioner has not established either element.

3

Starting with the first element, Petitioner has failed to show he diligently pursued his rights. Our court "measure[s] [a petitioner's] diligence from th[e] date" on which "a reasonable person in [the petitioner]'s position [would be put] on notice that something was wrong." *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011). "[I]gnorance of the necessary information must have been caused by circumstances beyond the [petitioner]'s control." *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007) (internal quotation marks and footnote omitted). Petitioner was ordered removed more than eighteen years prior to filing his second motion to reopen in 2017, six of which occurred after his relative visa was approved in 2011. And Petitioner had previously used his "right to file one motion to reopen" in 2000. *Dada v. Mukasey*, 554 U.S. 1, 4–5 (2008).

The evidence in the record does not show Petitioner "took reasonable steps" to resolve his immigration status or discover any errors made by his prior counsel who filed the first motion to reopen. *See Avagyan*, 646 F.3d at 679. Petitioner simply believed his prior attorney was "taking care of [his] case," despite acknowledging that the "attorney rarely returned [his] calls." The BIA reasonably concluded he was not diligent in pursuing his rights.

As to the second element, Petitioner has not demonstrated that any ineffective assistance of his former counsel is an exceptional circumstance warranting equitable tolling. The in absentia removal order was the result of Petitioner's own failure to

keep the Immigration Court apprised of his current mailing address—not his former counsel's failure. In fact, Petitioner's prior counsel was hired in 2000 for the purpose of filing the first motion to reopen. Even assuming there was ineffective assistance in the submission of the first motion to reopen, prior counsel's failure to argue the agency should have known of Petitioner's address change through alternative means did not conceivably result in any prejudice because the in absentia removal order was properly entered notwithstanding this argument. Petitioner has thus failed to show that the BIA erred by not equitably tolling the filing deadline due to ineffective assistance of counsel.

3. Petitioner has also not provided evidence showing changed country conditions. "For the BIA to grant a motion to reopen based on changed country conditions," an alien must "clear" several "hurdles," including producing previously unavailable evidence that country conditions have changed. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (citation omitted). But Petitioner offers no such evidence. His evidence pertains only to conditions in Mexico from 2014 to 2017— long after the 1999 removal order. This period does not establish a comparative baseline from which to assess whether Mexico's conditions have indeed worsened. *Cf. Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013); *He v. Gonzales*, 501 F.3d 1128, 1132–33 (9th Cir. 2007). Because Petitioner failed to produce comparative evidence showing a worsening of country conditions in Mexico, the

5

BIA's denial of Petitioner's motion to reopen was not arbitrary, irrational, or contrary to law. We likewise deny the petition in this respect.

4. The BIA also maintains sua sponte authority to reopen proceedings when it is persuaded that a "situation is truly exceptional." *Lona*, 958 F.3d at 1230 (citations omitted). But even in an exceptional circumstance, the BIA is not required to take sua sponte action. *Id.* at 1234–35. The BIA's discretionary decision not to reopen sua sponte is unreviewable unless it was based on a "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). No legal or constitutional error is evident in the record before us. We therefore lack jurisdiction to review the BIA's discretionary decision not to sua sponte reopen Petitioner's removal proceedings, and we dismiss the petition in this regard.

**PETITION DENIED IN PART AND DISMISSED IN PART.**