NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICIA HERNANDEZ MACIEL, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-90 <br><br> Agency No. <br> A201-172-225 <br><br> MEMORANDUM* |
| ALICIA HERNANDEZ MACIEL, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1296 <br><br> Agency No. <br> A201-172-225 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Alicia Hernandez Maciel ("Hernandez") seeks review of two Board of Immigration Appeals ("BIA") decisions, which denied her motions for reopening and reconsideration of its decision to deny reopening. We consolidated her petitions and review the BIA's decision for abuse of discretion. *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004). Because the BIA did not abuse its discretion in refusing to equitably toll the statutory deadline for a motion to reopen, we deny her petitions for review.

Petitioners must generally file motions to reopen within 90 days of a final administrative decision being entered. 8 U.S.C. § 1229a(c)(7)(C)(i). Equitable tolling of this deadline is only available in limited circumstances, such as when extraordinary circumstances prevent a petitioner from acting timely. *See Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024). While "deception, fraud, or error" can establish "extraordinary circumstances," a petitioner must still "act[] with due diligence in discovering" and addressing those circumstances. *Avagyan v. Holder*, 646 F.3d 672, 678–79 (9th Cir. 2011) (citation omitted).

Hernandez failed to move for reopening until 2021 despite being ordered removed in 2011. Hernandez did not allege that she took any action to vacate her conviction from 2011 to 2018. Failure to allege diligence in addressing the circumstances of her previous conviction is dispositive to her claim for reopening. *See Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc)

(explaining equitable tolling requires a showing of diligence "up to the time of filing [a] claim in federal court").

Even if Hernandez couldn't challenge her conviction until California Penal Code § 1473.7 took effect in January 2017, she still waited nearly an additional 18 months before moving to vacate her conviction. Under Ninth Circuit and Supreme Court precedent, an 18-month delay is generally too long for equitable tolling to apply, even when a party demonstrates some hardship. *See, e.g.*, *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008) ("We have no difficulty finding persuasive the view of the IJ and BIA that 364 days is not a reasonable period after the end of lawful status in the absence of *any* established explanation for Husyev's failure to file earlier."). Hernandez makes no showing for why she waited 18 months to move to vacate her sentence under California's new law, and the BIA did not abuse its discretion in denying her motion to reopen.

**PETITIONS DENIED.**