**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA CORONA MENDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7128

Agency No.
A095-645-492

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025[**]

Before:     TASHIMA, HURWITZ, and BADE, Circuit Judges.

Martha Corona Mendez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeal's ("BIA") order summarily dismissing

her appeal from an immigration judge's ("IJ") decision granting pre-conclusion

voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's summary dismissal of an appeal, *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021), its decision to deny equitable tolling, *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021), and its denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing Corona Mendez's appeal where the notice of appeal was untimely, and Corona Mendez failed to demonstrate extraordinary circumstances to excuse her untimely appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G); *Bent v. Garland*, 115 F.4th 934, 941(9th Cir. 2024) (equitable tolling requires showing diligence and that "some extraordinary circumstances stood in [petitioner's] way and prevented timely filing" (internal citation and quotation marks omitted)); *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023) (thirty-day BIA appeal deadline is subject to equitable tolling).

The BIA did not abuse its discretion in rejecting Corona Mendez's request to reopen proceedings to apply for relief because it properly determined it did not have authority over the untimely appeal and any motion to reopen should have been directed to the IJ. To the extent Corona Mendez raises the merits of her cancellation of removal claim here, it is not properly before the court because the BIA did not reach it. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th

Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**