NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARMONA ROJAS,

      Petitioner,

  v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 24-2544

Agency No.
A098-761-930

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2025**
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and PITMAN, District
Judge.***

     Petitioner Juan Carmona Rojas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

reconsider its denial of his motion to reopen removal proceedings. Our jurisdiction

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

is governed by 8 U.S.C. § 1252. We review the BIA's denial of reconsideration for abuse of discretion. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law," or "when it fails to provide a reasoned explanation for its actions." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024) (citations and internal quotation marks omitted). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider. In his motion to reconsider, Carmona Rojas argued the BIA applied an improper burden of proof standard—applying the incorrect "heightened hardship" standard rather than the proper "reasonable likelihood" standard—when it denied the underlying motion to reopen based on his failure to show prima facie eligibility for relief. "[P]rima facie eligibility for relief requires only a threshold showing of eligibility—a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023).

When considering his motion to reconsider, the BIA explained that the "reasonable likelihood" standard had been applied to his motion to reopen and, citing *Fonseca-Fonseca*, that he failed to "meet the minimal threshold requirement of showing he had a reasonable likelihood of prevailing on the merits." Because

the BIA did not act arbitrarily, irrationally, or contrary to the law, the BIA did not abuse its discretion in denying Carmona Rojas's motion to reconsider.

Carmona Rojas also argues that the BIA abused its discretion in denying his motion to reopen. However, Carmona Rojas did not file a petition for review from the motion to reopen, and the motion to reconsider before us focuses on a different legal question—whether the BIA applied the correct standard. Because the argument raised by Carmona Rojas in his motion to reconsider is different than the arguments raised in his motion to reopen, we do not reach the arguments raised in the motion to reopen and dismiss the petition for review in part. *See Cruz-Martinez v. Garland*, No. 19-70908, 2022 WL 17662802, at *1 (9th Cir. Dec. 14, 2022) ("When, as here, a petition for review is timely only with respect to the denial of motion to reconsider, our jurisdiction is limited to that denial, and we do not review the initial BIA decision directly.").

Even assuming the motion to reopen were before us, the BIA did not abuse its discretion in denying Carmona Rojas's motion to reopen removal proceedings. Employing the correct "reasonable likelihood" standard, the BIA properly considered and weighed hardship evidence and concluded that Carmona Rojas had not shown prima facie eligibility for relief. The BIA reviewed evidence, including birth certificates and school documents relating to his two younger United States citizen children who are qualifying relatives, and concluded that Carmona Rojas

failed to make a case for prima facie eligibility for relief. Finding no abuse of discretion, we deny the petition for review as to the BIA's denial of Carmona Rojas's motion to reopen removal proceedings, assuming the motion to reopen is properly before us.

Finally, because Carmona Rojas failed to raise in his petition for review that the BIA erred by declining to sua sponte reopen his case, Carmona Rojas has forfeited that issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). And, in any event, we lack jurisdiction because our review of the BIA's decision not to exercise sua sponte authority "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (citations omitted). The BIA acknowledged its discretionary authority and, in its discretion, declined to reopen sua sponte.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**
The stay of removal remains in place until the mandate issues.