NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL ALONSO HUERTA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 20-72533<br><br>Agency No.<br>A213-082-415<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025**
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Israel Alonso Huerta ("Huerta"), a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing his

appeal from an order of an Immigration Judge ("IJ") denying his motion to reopen.

We review the BIA's denial of reopening and the BIA's decision to deny equitable

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this petition is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tolling of a motion to reopen for abuse of discretion. *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024); *Cui v. Garland,* 13 F.4th 991, 1000 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1252, and we deny the petition.

An appeal from a decision by an IJ "is not properly filed unless it is received at the Board . . . within the time specified in the governing sections of this chapter." 8 C.F.R. § 1003.3(a)(1). As relevant in this case, the time specified to file an appeal with the BIA is "within 30 calendar days after the stating of an immigration judge's oral decision." *Id*. § 1003.38(b). "[T]he decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal . . . ." *Id*. § 1003.39. "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order . . . ." *Id*. § 1003.23(b). As such, the IJ's March 13, 2019 decision became final on April 13, 2019. Accordingly, the motion to reopen was due ninety days after the IJ's final decision, which was July 12, 2019. Because Huerta filed the motion to reopen on August 16, 2019, the IJ deemed the motion untimely, and the BIA acted within its discretion in denying his appeal.

Next, Huerta claims that the agency abused its discretion by declining to equitably toll the deadline for his motion to reopen. The IJ denied equitable tolling, finding that Huerta had not established his counsel's ineffectiveness prevented him from timely filing his *motion to reopen* because Huerta only argued

that his counsel was ineffective in timely filing his notice of appeal of the IJ's initial decision on March 13, 2019. We have held that "[f]ailing to file a timely notice of appeal is obvious ineffective assistance of counsel." *Siong v. INS,* 376 F.3d 1030, 1037 (9th Cir. 2004). The IJ and BIA do not dispute this, rather they explain that Huerta has failed to argue that the ineffective assistance of counsel he received regarding his motion to appeal also resulted in ineffective assistance of counsel for his motion to reopen. Because a motion to reopen can be filed with the BIA while an appeal is pending, Huerta's counsel could have filed a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c)(4) (treating motions to reopen filed while an appeal is pending as a motion to remand). Counsel's failure to file such a motion may constitute ineffective assistance of counsel, but Huerta did not specifically argue this point before the BIA or before us. Instead, he only argued ineffective assistance of counsel with regard to his untimely appeal. Therefore, Huerta has not shown that the agency abused its discretion in declining to equitably toll the filing date for the motion to reopen.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 1, is otherwise denied.