NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEGUNDO PASTOR RODRIGUEZ-
LARA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2569

Agency No.
A074-570-882

MEMORANDUM[*]

On Petition for Review of an Order of an
Immigration Judge

Argued and Submitted November 18, 2025
Pasadena, California

Before: WARDLAW and MILLER, Circuit Judges.[**]

Segundo Pastor Rodriguez-Lara, a native and citizen of Nicaragua, petitions

for review of a decision of an Immigration Judge ("IJ") concurring in an asylum

officer's negative reasonable fear determination and denying his applications for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] Judge Sandra S. Ikuta, who died on December 7, 2025, was originally
a member of this panel. Judge Wardlaw and Judge Miller decided the petition as a
two-judge quorum. *See* 28 U.S.C. § 46(d); 9th Cir. Gen. Ord. 3.2(h).

withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

If a noncitizen "reenter[s] the United States illegally after having been removed . . . under an order of removal," the Department of Homeland Security may reinstate the prior order of removal, which the noncitizen cannot reopen or challenge. 8 U.S.C. § 1231(a)(5). However, noncitizens "who demonstrate a clear probability of persecution or torture" may still be eligible for withholding of removal or relief under CAT. *Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018) (citing 8 U.S.C. § 1231(b)(3), 8 C.F.R. §§ 241.8(e), 1241.8(e), 208.31(a), 1208.31(a)). "We review the IJ's determination that the [noncitizen] did not establish a reasonable fear of persecution or torture for substantial evidence." *Id.* at 811. "[W]e must uphold the IJ's conclusion that [the noncitizen] did not establish a reasonable fear of torture unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (internal quotation marks omitted)).

Rodriguez-Lara asks us to exercise our inherent authority to remand his case to the IJ so that he can present previously undisclosed testimony about physical and sexual torture he suffered at the hands of the Nicaraguan police in December

2023.[1]  The Government, for its part, failed to address this argument in its brief.

Regardless, we need not decide the scope of our inherent authority to remand

immigration cases for further fact-finding.  Rodriguez-Lara conceded at oral

argument that he can file a motion to reopen requesting that the IJ reopen

proceedings so that Rodriguez-Lara can present this testimony.  *See Bartolome*,

904 F.3d at 815.

Although such a motion might ordinarily be time-barred under 8 C.F.R.

§ 1003.23(b)(1), Rodriguez-Lara has a strong argument that the statute of

limitations should be tolled in these unique and exceptional circumstances.[2]  *See*

*Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024) (acknowledging that the 90-

day statute of limitations is "subject to equitable tolling" and will be tolled "when a

litigant has pursued his rights diligently but some extraordinary circumstance

prevents him from bringing a timely action") (internal quotations and citations

---

[1] Rodriguez-Lara revealed his physical and sexual torture for the first time in his pro se opening brief.  The timing of his purported torture is consistent with his testimony to the asylum officer and IJ that he was arrested in December 2023.  However, Rodriguez-Lara concedes that the specific details of his abuse were not presented to the asylum officer or IJ.

[2] The traumatic impact of enduring severe sexual abuse is well known.  *See e.g.*, *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).  With the benefit of a more developed record and fully briefed motion, the IJ might determine that equitable tolling is warranted in these circumstances.  The IJ also might be persuaded by the fact that Rodriguez-Lara, appearing *pro se*, was told that there was "no administrative appeal available" and that his only recourse was to file a petition for review with our Court.

omitted).  Alternatively, the IJ could determine that this case presents "truly exceptional" circumstances that justify *sua sponte* reopening.  *Lona v. Barr*, 958 F.3d 1225, 1233 (9th Cir. 2020) (citation omitted).  We leave the ultimate resolution of such a motion, however, to the IJ.  Because such a motion is available, we need not reach the issue of whether and to what extent we have inherent authority to remand to the IJ for fact-finding.

Turning to the merits of Rodriguez-Lara's petition, substantial evidence supports the IJ's conclusion that Rodriguez-Lara is ineligible, on this record, for withholding of removal and protection under CAT.  As to his withholding claim, the IJ erred by holding that Rodriguez-Lara failed to establish a nexus between his persecution and an actual or imputed political opinion.  Rodriguez-Lara testified that, while working at a state hospital, he revealed to the families of young protestors that the government had fabricated medical records to cover up the Nicaraguan police's involvement in injuring the protestors with rubber bullets.  He also testified that he refused to obtain a military ID because doing so would render him a "proselyt[e]," and that local politicians called him a "traitor" for that refusal.  Both of these actions are undeniably political in nature, even if Rodriguez-Lara's political opinion was simply that he did not want to be associated with the Nicaraguan government.  *See Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir. 1997).

However, Rodriguez-Lara testified that he was subject only to surveillance

and one three-hour-long false arrest on account of his political opinion, which does not rise to the "extreme" level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (listing non-exhaustive factors to consider when evaluating whether a petitioner suffered past persecution). Because we cannot consider the physical and sexual torture that Rodriguez-Lara allegedly endured at the hands of the Nicaraguan police, substantial evidence supports the conclusion that he lacks an "objectively reasonable" fear that he will suffer harm rising to the level of persecution in the future. *Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009) (citation omitted). Accordingly, his claim for withholding of removal fails.

Substantial evidence also supports the IJ's determination that Rodriguez-Lara is not more likely than not to be tortured with the consent or acquiescence of the Nicaraguan government. *See* 8 C.F.R. § 1208.16(c)(2). Because, on this record, Rodriguez-Lara failed to show that he is likely to suffer harm rising to the level of persecution, he necessarily fails to show that he is likely to suffer harm rising to the level of torture. *See Sharma*, 9 F.4th at 1067 (holding that "[b]ecause the BIA could reasonably conclude that Sharma's past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture" and "Sharma has not shown an objectively reasonable fear of future torture"); *Duran-Rodriguez*, 918 F.3d at 1029–30.

**PETITION FOR REVIEW DENIED.**[3]

---

[3] Rodriguez-Lara's Motion to Stay Removal is denied as moot. *See* Dkt. 2. The temporary stay will dissolve when the mandate issues. *Id.*