23-8121-ag
Ramsay v. Bondi

# United States Court of Appeals
## For the Second Circuit

August Term, 2025

(Argued: December 15, 2025     Decided: March 27, 2026)

Docket No. 23-8121-ag

_____

JOHN MARCUS RAMSAY,

*Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent*.[*]

_____

Before:

CABRANES, PARKER, and LOHIER, *Circuit Judges*.

Petitioner seeks review of the BIA's decision denying his motion to reopen based on a change in law that arguably entitles him to relief from removal.  The BIA denied petitioner John Marcus Ramsay's motion, concluding that he failed to act with reasonable due diligence.  Petitioner also moved for a stay of his removal during the pendency of his petition and any subsequent remand before the BIA. Because we conclude that the BIA's conclusion relied on a misreading of Ramsay's arguments below, we **GRANT** Ramsay's petition challenging the BIA's order denying his motion to reopen and his motion to stay his removal, and we **REMAND** for further consideration consistent with this opinion.

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

MATTHEW A. LEMBO, Perkins Coie, LLP, New York, NY (Zoey Jones, Brooklyn Defender Services, Brooklyn, NY, *on the brief*), *for Petitioner*.

BRETT F. KINNEY, Senior Litigation Counsel; Yaakov M. Roth, Acting Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, DC, *for Respondent*.

PER CURIAM:

Petitioner John Marcus Ramsay, a 70-year-old Jamaican man, immigrated to the United States and became a lawful permanent resident in 1971. During his residency in the United States, Ramsay served in the United States Navy and started both a family and a small business. On January 31, 2006, Ramsay was charged as removable based on a 1996 conviction for the attempted sale of a "narcotic drug" in violation of New York Penal Law (NYPL) §§ 110.00 and 220.39(1). Ramsay was subsequently deported to Jamaica in April 2007. In 2025, while Ramsay's petition was pending before this Court, he was granted parole to reenter the United States as a previously deported US Navy veteran. He returned to the United States on March 24, 2025, and was granted parole to remain in the United States until March 23, 2026.

On September 6, 2023, this Court held for the first time that the narcotic definition in Ramsay's statute of conviction, NYPL § 220.39(1), was categorically overbroad as compared to the federal Controlled Substances Act, 21 U.S.C. § 802. *See United States v. Minter*, 80 F.4th 406, 411–12 (2d Cir. 2023). This decision meant that he had been removed on the basis of a statute that no longer made him removable. Within thirty days of our decision in *Minter*, Ramsay moved the BIA to reconsider or reopen his prior removal order pursuant to 8 U.S.C. § 1229a(c)(6)–(7), 8 C.F.R. § 1003.2(c)(3)(ii), and 8 C.F.R. § 1003.2(a). On November 24, 2023, the BIA denied Ramsay's motions, finding that Ramsay failed to show "the requisite due diligence to warrant equitable tolling of the time limits on motions to reconsider and reopen." Admin. Rec. at 3.

Ramsay now seeks review of the BIA's decision denying his motions. *In re John Marcus Ramsay*, No. A 030 062 041 (B.I.A. Nov. 24, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

While we review constitutional claims and questions of law *de novo*, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011), this Court has long reviewed the "denial of a motion to reopen immigration proceedings, including under the doctrine of

equitable tolling . . . under the familiar 'abuse of discretion' standard, which is 'highly deferential,'" *Garcia Pinach v. Bondi*, 147 F.4th 117, 128 (2d Cir. 2025).

It is undisputed that Ramsay's 2023 motion would have been untimely as either a motion to reconsider or a motion to reopen. His removal order was final in 2007 and motions to reopen must generally be filed within 90 days of an order becoming final while motions to reconsider must generally be filed within 30 days of an order becoming final. *See* 8 U.S.C. § 1229a(c)(6)(B), (c)(7)(C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2). The time limit for a statutory motion may be equitably tolled, but only where a movant demonstrates that he "exercise[d] 'due diligence' in vindicating his rights," *Jin Bo Zhao v. INS*, 452 F.3d 154, 157 (2d Cir. 2006) (per curiam).

A litigant will qualify for equitable tolling only if he "has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). To determine whether a litigant has exercised due diligence, judges must conduct "an equitable, often fact-intensive inquiry," considering "in detail" a litigant's efforts. *Holland v. Florida*, 560 U.S. 631, 653–54 (2010) (quotation marks omitted).

4

The BIA, in denying Ramsay's motion, found that Ramsay had failed to exercise the due diligence required to warrant equitable tolling. Specifically, the BIA held that Ramsay had the opportunity to argue that he was not removable following this Court's decision in *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017). In *Harbin*, we held that the term "controlled substance" in a different New York statute, NYPL § 220.31, was indivisible as to substance type, and broader than the federal definition. 860 F.3d at 68. In the BIA's order denying Ramsay's motions, it concluded that "*Harbin* constituted a fundamental change in the law" presenting Ramsay with the "opportunity to argue that his offense was not divisible as to the controlled substance at issue . . . [and that] he was not removable as charged." Admin. Rec. at 4. In other words, had Ramsay wanted to show proper diligence, he should have brought his motions after *Harbin* rather than waiting for our decision in *Minter*.

The BIA, in reaching this decision, conceded that it substantially relied on the arguments in Ramsay's own motions to reconsider and reopen, rather than its own independent interpretation of *Harbin*. Specifically, the Government explained in its brief that the "Board reasonably relied on Ramsay's own arguments in concluding that *Harbin* provided him with 'the opportunity to argue

5

that his offense was not divisible as to the controlled substance at issue' and that 'New York's schedules of controlled substances are overbroad as compared to the [Controlled Substances Act.]'" Gov't Br. at 28 (citing Admin. Rec. at 4).

However, the BIA misunderstood and mischaracterized Ramsay's arguments in making this assertion. In his motions, Ramsay cited *Harbin* only for the proposition that "[u]nder Second Circuit precedent, the New York term 'narcotic drug' is indivisible," because *Harbin* found another statutory term, "controlled substance," indivisible. Admin. Rec. at 40. However, for Ramsay's motions to be successful, he had to convince the BIA that the term "narcotic drug" was both indivisible *and* categorically overbroad. Ramsay's motions did not rely on *Harbin* to argue that § 220.39(1) was categorically overbroad. It was not until this Court's decision in *Minter* that § 220.39(1) was held to be "categorically broader than" its federal counterpart. 80 F.4th at 411. Ramsay argues as much in his brief to the BIA when he writes that "[t]he Second Circuit's decision in *Minter* renders the New York statutory term 'narcotic drug' categorically overbroad *and* indivisible as compared to the federal controlled substance schedules." Admin. Rec. at 38 (emphasis added). To the extent the BIA read Ramsay's motions as

asserting that *Harbin* eliminated the basis for Ramsay's initial removal order, we find that it misread and misunderstood those motions.

We also decline the Government's invitation to affirm the BIA's decision on the ground that Ramsay did not "preserve his rights" by failing to raise statutory overbreadth arguments even before *Harbin* was decided. *See* Appellee's Br. 22. That argument has been rejected by this Court. *See Perez v. Bondi*, 166 F.4th 327 (2d Cir. 2026). "[P]etitioners whose claims for relief are barred by law have no rights to pursue until the law changes to entitle them to relief." *See id.* at 333. Reasonable diligence does not require Ramsay to raise arguments that the BIA has unequivocally rejected as having no merit. Notwithstanding the Government's assertions to the contrary, prior to *Minter*, Ramsay "had no basis to know or suspect that he had any rights to pursue." *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024).

We thus conclude that the BIA abused its discretion when it relied on Ramsay's motions for the proposition that *Harbin* "constituted a fundamental change of law," Admin. Rec. at 4, since his motions made no such assertion. In view of this error, which was fundamental to the BIA's conclusion, we vacate the

BIA's order and remand it to the BIA to consider whether, in light of *Minter*,

Ramsay is entitled to equitable tolling.[1]

*   *   *

We have reviewed the remaining arguments raised by the Government and

find them to be without merit.  For the foregoing reasons, the petition for review

and Petitioner's motion to stay his removal are GRANTED, the BIA's order with

respect to Ramsay's statutory motions to reconsider and reopen is VACATED, and

the case is REMANDED for further proceedings consistent with this opinion.

---

[1] Because we remand on this basis, we need not address whether the BIA erred when it denied Ramsay's motion to reopen his removal proceedings *sua sponte*.