**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN AVISAI FLORES RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-2216 <br><br> Agency No. A205-908-084 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2026**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Ruben Avisai Flores Ramirez petitions this Court for review of the Board of

Immigration Appeals's ("BIA") denial of his motion to reopen. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction to review the BIA's denial of a motion to reopen pursuant to 8 U.S.C. § 1252, but lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1120 (9th Cir. 2019). "We review denials of motions to reopen . . . for abuse of discretion and questions of law de novo." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (citation omitted); *see also Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition in part and dismiss it in part. Because the parties are familiar with the history of the case, we need not recount it here.

I

The BIA did not abuse its discretion in denying the motion to reopen. Subject to exceptions, a motion to reopen must be filed within ninety days of the final removal order. *Mata v. Lynch*, 576 U.S. 143, 145 (2015). "[The] ninety-day period is subject to equitable tolling." *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024). "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 634 (2010)).

The BIA did not err in determining that the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), was not an extraordinary circumstance warranting equitable tolling. Claims for equitable tolling can be based on changes in law. *Lona v. Barr*, 958 F.3d 1225, 1230–31 (9th Cir. 2020). In *Niz-Chavez*, the Supreme Court held that a Notice to Appear ("NTA") must contain all the statutorily required information about the noncitizen's removal hearing in a single document. 593 U.S. at 168–69, 172.

Because he was served with a defective NTA, Flores Ramirez argues that the "change in law" under *Niz-Chavez* amounted to an extraordinary circumstance that warranted equitable tolling of the motion to reopen deadline. However, *Niz-Chavez* did not amount to an extraordinary circumstance justifying tolling because *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), *vacated on reh'g en banc*, 998 F.3d 851 (9th Cir. 2021), which resulted in the same holding as *Niz-Chavez*, was already established law at the time the BIA dismissed Flores Ramirez's original appeal. It continued to be good law for the full ninety days leading up to the motion to reopen deadline. Flores Ramirez argues that the law was unsettled prior to *Niz-Chavez* because of a circuit split. However, the BIA follows a "court's precedent in cases arising in that circuit." *Matter of Anselmo*, 20 I. & N. Dec. 25, 31 (BIA

1989).  Because this case originated in California, the BIA was bound to follow Ninth Circuit precedent regardless of the controlling law in other circuits.

The BIA also did not abuse its discretion in concluding that Flores Ramirez had not been diligent.  Flores Ramirez never explained why he had failed to file his motion to reopen under *Lopez*; at what point he was made aware of the change in the law and why he waited to file his motion until 4.5 months after the *Niz-Chavez* ruling was released; or what steps, if any, he took to investigate the change in the law.  The BIA was justified in determining he had not established the requisite diligence.  *See Goulart v. Garland*, 18 F.4th 653, 654 (9th Cir. 2021).[1]

## II

Absent legal or constitutional error in the BIA's decision not to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to review it. *Menendez-Gonzalez*, 929 F.3d at 1115.  Here, there was no legal or constitutional error in the BIA's discretionary decision.[2]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] Given that Flores Ramirez did not establish extraordinary circumstances justifying equitable tolling, nor diligence in pursuing that remedy, we need not reach the BIA's alternate conclusion that he did not establish a prima facie case.

[2] Florez Ramirez's opposed motion to stay removal (Dkt. No. 3) and supplemental motion to stay removal (Dkt. No 10) are DENIED.  The temporary stay of removal entered pursuant to General Order 6.4 (c) is lifted, effective immediately.