NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GURDEV SINGH; SIMARJIT KAUR; S. S.; A. K.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-4944<br><br>Agency Nos.<br>A220-350-486<br>A220-350-485<br>A220-350-487<br>A220-350-488<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026**

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Gurdev Singh (Singh) petitions for review of a Board of Immigration

Appeals (BIA) order dismissing his motion to reopen his asylum claim based on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

changed country conditions.[1]  We deny the petition.

"We review the denial of a motion to reopen for abuse of discretion." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024), *as amended* (citation omitted). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (citation and internal quotation marks omitted).

An Immigration Judge (IJ) previously denied Singh's asylum claim as barred by his firm resettlement in Italy, but granted his application for withholding of removal.  Unlike asylum, there is no clear derivative status for withholding of removal, and Singh's family did not file their own applications for relief, so the IJ ordered Singh's family removed to India.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

Ordinarily, a motion to reopen must be filed within 90 days of a final order of removal.  *See Eskilian v. Bondi*, 172 F.4th 682, 687 (9th Cir. 2026).  Singh asserts that he is excepted from this time limitation because his motion to reopen is based on changed country conditions, and his new evidence is both material and was not available during the previous proceeding.  *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (describing the standard to grant a motion to

---

[1]     Singh brought his asylum claim on behalf of himself with his wife, Simarjit Kaur, and two minor children listed as derivative beneficiaries.

reopen based on changed country conditions).

The BIA may deny a motion to reopen if: (1) the motion is procedurally deficient; (2) the motion does not establish a prima facie case for the relief sought; or (3) as a matter of discretion. *See Lemus-Escobar v. Bondi*, 158 F.4th 944, 962 (9th Cir. 2025), *as amended*. The BIA denied Singh's motion to reopen for failure to establish prima facie eligibility for relief.

The BIA did not abuse its discretion by denying Singh's motion to reopen. Singh submitted country conditions evidence relating to his fear of persecution in India. However, this newly submitted evidence does not establish a prima facie case for relief from the agency's prior determination that Singh was barred from asylum based on his firm resettlement in Italy. *See Oscar v. Bondi*, 135 F.4th 777, 784 (9th Cir. 2025). Singh acknowledged that the agency applied the firm resettlement bar, and he made no argument that his new evidence alters the firm resettlement analysis in any way. Singh's reliance on evidence that was already presented to the agency is foreclosed by our previous determination that the evidence failed to overcome the firm resettlement bar. *See Singh v. Bondi*, No. 23-3854, 2025 WL 1441151, at *1 (9th Cir. May 20, 2025). Accordingly, the BIA did not abuse its discretion by denying Singh's motion to reopen. *See Bent*, 115 F.4th at 939.

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 10) is otherwise denied.