**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAYRON VAZQUEZ-MENDEZ, | No. 24-6326 |
| Petitioner, | |
| v. | Agency No. A208-169-839 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner Bayron Vazquez-Mendez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (BIA) denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen, as well as the denial of equitable tolling, for abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023); *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). We review questions of law de novo. *Fonseca-Fonseca*, 76 F.4th at 1180. We deny the petition for review.

The BIA did not err by denying Vazquez-Mendez's request for equitable tolling and denying his motion to reopen as untimely when he filed it more than five years after the expiration of the ninety-day deadline for such motions. "To qualify for equitable tolling on account of ineffective assistance of counsel" when filing a motion to reopen, the petitioner must demonstrate "(a) that he was prevented from timely filing his motion due to prior counsel's ineffectiveness; (b) that he demonstrated due diligence in discovering counsel's fraud or error; and (c) that he complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011).

As to the third prong, "the requirements of *Lozada* are not dispositive" when the facts showing ineffective assistance of counsel "are plain on the face of the administrative record." *Castillo-Perez v. Immigr. & Naturalization Serv.*, 212 F.3d

518, 525 (9th Cir. 2000) (citation modified).  Vazquez-Mendez does not dispute that he failed to strictly comply with *Lozada*'s procedural requirements.  Instead, he argues that "[i]t is apparent based on the record before this Court that . . . counsel has admitted that his representation was ineffective when he missed the filing deadline for the petition for review by 6 years."

Even if we assume that ineffective assistance of counsel is plain on the record, however, Vazquez-Mendez has failed to show that he demonstrated due diligence in discovering counsel's error during the nearly six years that followed counsel's failure to file the petition for review.

"[W]e measure a petitioner's diligence from the date on which a reasonable person in the petitioner's position is put on notice that something was wrong." *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024) (quoting *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011)) (citation modified).  Here, Vazquez-Mendez fails to bring any circumstances to light showing that a reasonable person would have been put on notice that something was wrong for the first time in 2024, when counsel's error occurred upon the expiration of the deadline to file a petition for review in September 2018.  In his motion to reopen, Vazquez-Mendez did not provide any facts, evidence, or argument addressing due diligence.  In support of this petition for review, he asserts only that "he believed counsel had filed the

petition for review and was waiting for a decision." At no point has he made any representations regarding his communications with counsel during the intervening years or any information he received about the status of his proceedings.

When a petitioner fails to allege any facts suggesting a diligent pursuit of rights during the relevant period, "the determination of whether [he] has demonstrated the diligence necessary for equitable tolling 'requires neither factual development nor agency expertise and is properly analyzed by this court.'" *Lona v. Barr*, 958 F.3d 1225, 1231 n.7 (9th Cir. 2020) (quoting *Rivera v. Lynch*, 816 F.3d 1064, 1078 n.13 (9th Cir. 2016)). In other words, although "the ordinary remand rule [is] that we allow the BIA to decide issues in the first instance," *Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021), "it is pointless to remand if it is clear what the agency decision must be," including when "it is obvious that the BIA, if we were to remand, would explicitly deny equitable tolling," *Lona*, 958 F.3d at 1231 n.7 (citation omitted). Here, there is no basis for the BIA to determine that Vazquez-Mendez demonstrated due diligence. Therefore, regardless of the merits of Vazquez-Mendez's arguments contesting the BIA's *Lozada* analysis, remand would serve no purpose here.

Finally, we deny Vazquez-Mendez's request to both construe the instant petition as seeking review of the BIA's August 2018 order that dismissed Vazquez-

4

Mendez's appeal of the Immigration Judge's denial of his applications for review and to apply equitable tolling to the deadline to file such a petition. Vazquez-Mendez's petition for review, filed October 17, 2024, states that it seeks review of only the BIA's September 2024 order denying his motion to reopen. He points to no authority that would allow us to now treat this petition as additionally seeking review of the BIA's August 2018 order. Further, assuming without deciding that the deadline for a petition for review is subject to equitable tolling, Vazquez-Mendez has again failed to show due diligence. In any event, because he was on actual notice of counsel's error no later than June 3, 2024 (the day he filed his motion to reopen), any tolled deadline to file an untimely petition for review of the BIA's August 2018 decision would still have expired before he filed the instant petition on October 17, 2024.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.